IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Crystal Frye, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No: |
| | ) | |
| vs. | ) | 4:05CV01239AGF |
| | ) | |
| 1012582 ONTARIO LIMITED | ) | |
| D/B/A PACE MARATHON , et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT AND ORDER APPROVING
## SETTLEMENT OF WRONGFUL DEATH CLAIM

The Motion for Approval of Settlement of Wrongful Death Claim for the wrongful death of Clinton J. Frye has been called and heard by the Court.[1] Plaintiff Crystal Frye, and parents Lester and Helen Frye are persons entitled to sue and recover damages for the wrongful death of Clinton J. Frye ("Decedent"). Plaintiff appears by and through her attorneys Anderson & Associates. Defendants John Chattaway, Pace Marathon Motor Lines, Inc. and 1012582 Ontario Limited appear by and through their attorneys Roberts, Perryman, Bomkamp & Meives, P.C. All parties announce their consent to the Motion for Approval of Settlement of Wrongful Death Claim.

The Court has considered the Motion for Approval of Settlement of Wrongful Death Claim brought by Plaintiff. On the basis of the evidence adduced, the colloquy of the Court with counsel and the pleadings on record on file, the Court enters the following findings, conclusions and orders:

    1.     The Court finds that the only persons entitled to sue and recover damages for the wrongful death of Decedent are Plaintiff Crystal Frye, and parents Lester and Helen Frye.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. Section 636(c).

2. The Court finds that Plaintiff has diligently attempted to notify all parties having a cause of action under Section 537.080 of the Revised Statutes of Missouri.

3. The Court finds that Plaintiff has been duly advised of her right to a jury trial against Defendants and has waived that right, and instead has asked the Court to approve Plaintiff's proposed settlement, understanding that if approved, the proposed settlement will forever bar all claims brought by Plaintiff, or anyone else entitled to sue and recover damages against Defendants, and all other persons, firms, partnerships, associations or corporations who are included in the Release which has been executed by Plaintiffs; said claims being based upon Decedent's wrongful death as a result of a motor vehicular accident that occurred on April 2, 2005.

4. The Court finds that the proposed settlement in the amount of $507,000.00, which has been agreed to by Plaintiff, is fair and reasonable and has been made in good faith between Plaintiff and Defendants.

5. The Court finds that the attorneys' fee contract formally entered into between Plaintiffs and their attorneys provides for payment of a contingency fee of 33⅓% of all sums recovered for and on behalf of Plaintiff as attorneys' fees and for reimbursement of all expenses reasonably incurred in the representation and prosecution of the claim, and that said attorneys' fee contract is hereby found to be reasonable considering the substantial time, effort and resources expended by Plaintiff's attorneys.

6. The Court finds that Plaintiff is entitled to share in the net settlement in proportion to the losses suffered by each person entitled to sue and recover damages. The Court finds and adjudges the fair and reasonable apportionment as follows:

| Name: | Apportionment of Settlement |
|---|---|
| Crystal Frye, surviving daughter | 70% |
| Lester & Helen Frye, surviving parents | 30% |

Based upon the foregoing, it is hereby ordered: **ADJUDGED AND DECREED:**

    A.    The total settlement in the amount of $507,000.00[2] to be paid in accordance with the terms and conditions of the Release and Motion for Approval of Settlement of Wrongful Death Claim is hereby approved by the Court. Judgment is hereby entered apportioning the net proceeds of the settlement against the claimants in proportion to the losses suffered by each person entitled to sue and recover damages as follows:

| Name: | Apportionment of Settlement |
|---|---|
| Crystal Frye, surviving daughter | **$215,275.01** |
| Lester & Helen Frye, surviving parents | **$ 92,260.72** |

    B.    The Release shall be binding on Plaintiff, her estates, survivors, heirs and assigns, and any and all persons entitled to sue and recover damages under Section 537.080 with the Revised Statutes of Missouri. The Release shall forever bar any other action by Plaintiff or anyone acting on their behalf against Releasees based upon Decedent's wrongful death as a result of a motor vehicle accident that occurred on April 2, 2005.

    D.    The parties are directed to perform all terms of the Release.

    E.    Plaintiff is directed to collect and receipt for the payment of the judgment.

---

2    The settlement amount consists of $500,000 plus $7,000 toward expenses. The attorney's fees are calculated at one-third of the $500,000 amount.

F. Plaintiff shall acknowledge satisfaction for the judgment.

G. Plaintiff shall distribute the net proceeds as ordered by the Court. Plaintiff shall report and account therefore to the Court.

H. Plaintiff is directed to pay the fees of their attorneys in the amount of $166,666.67 and the expenses of $32,797.60, which approval by this Order is reaffirmed and which has been reasonably incurred in connection with the preparation and prosecution of this claim.

J. Plaintiff's cause of action against Defendants is hereby dismissed with prejudice; each party to bear their own costs.

Date: August 9, 2006

Judge Audrey G. Fleissig